UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

HOPE BRADY,

Plaintiff,

v.

ACTION NO. 2:09-cv-242

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

Defendant.

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by an order of reference entered August 11, 2009.

Plaintiff brought this action under 42 U.S.C. § 405(g) seeking judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's claim for disability insurance benefits ("DIB") pursuant to sections 416(i) and 423 (d) of the Social Security Act (the "Act"); and Supplemental Security Income ("SSI") pursuant to section 1381 of the Act. 42 U.S.C.A. §§ 401-434 (2010).

### I. PROCEDURAL BACKGROUND

The plaintiff, Hope Brady, filed an application with the Social Security Administration to establish a period of disability, an award of Social Security disability benefits, and

supplemental security income on March 28, 2007. [R. 12].[1] The application arose as a result of various musculoskeletal problems Brady suffers. The application was initially denied and upon reconsideration was denied again; at which point, Brady requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing regarding Brady's case on August 29, 2008, and ruled on November 24, 2008 that the Plaintiff was not entitled to DIB or SSI. [R. 9-26]. On March 26, 2009, upon the denial of the plaintiff's request for review by the Appeals Council (Office of Disability Adjudication & Review of the Social Security Administration) the ALJ's decision became the defendant's (Commissioner's) final decision. Having exhausted all administrative remedies Brady filed this action for judicial review, in accordance with 42 U.S.C. § 405(g), on May 22, 2009. [Doc. No. 1]. Although in her complaint Brady seeks only judicial review and "entry of judgment for such relief as may be proper", [Compl. at 2], in her motion for summary judgment she specifically challenges the ALJ's decision and seeks remand because: (a) the ALJ did not give Dr. Savas's opinion controlling weight; (b) the ALJ "picked and chose" which treating physician evidence to rely on; (c) the ALJ made an improper credibility determination with respect to Brady's testimony; and (d) the ALJ did not conduct an analysis as to the effect of Brady's obesity on her claim. [Pl.'s Br. Mot. Summ. J.at 5-8].

## II. FACTUAL BACKGROUND

Brady was born on June 23, 1966, making her 42 years of age at the time of the ALJ's decision, [R. 24], an age recognized by the Code of Federal Regulation as including "younger person[s]," capable of adjusting to other work. 20 C.F.R. §§ 404.1563(c), 416.963(c). Brady's previous relevant work experience included positions as a school bus driver, bartender/waitress,

---

[1] Page citations are to the administrative record previously filed by the Commissioner.

delivery driver, warehouse worker and warehouse manager. [R. 24].

The medical conditions giving rise to Brady's request for benefits can best be summarized as back and spine problems. Specifically, Brady suffers from L3-L4 spondylolisthesis, lumbar degenerative disc disease, obestiy, and lumbar radiculopathy. [R. 15]. For these impairments, Brady has had L3-L4 fusion surgery, L4-L5 and L5-S1 fusion surgery, and laminectomy surgery at L3, L4, and L5. [R. 197-203]. Furthermore, Brady states that her back and spinal problems have persisted since her days as a child, including hospitalization at age two. [R. 7]. For her medical problems Brady has received treatment from orthopedist Dr. Paul Savas and has regularly been seen at the Bayview Community Health Center. [Pl.'s Br. Mot. Summ. J. at 3].

The Commissioner disputes the following facts as alleged by Brady in her Motion for Summary Judgment: that L4-L5 spondylolisthesis is one of Brady's severe impairments; that Dr. Savas found Brady was frequently limited with reaching, handling, fingering, and feeling; and that Brady accurately recited the ALJ's RFC finding. [Def.'s Mem. Summ. J. at 9].

Despite Brady's claims of persistent pain and inability to work, ALJ Judith A. Showalter, in a written decision dated November 24, 2008, issued an unfavorable ruling concluding that Brady was not disabled under sections 416(i) and 423(d) of the Act to qualify for DIB, nor was she disabled under section 1382(a)[2] to qualify for SSI. [R. 26]. Considering Brady's age, education, work experience, residual functional capacity, and relying on the testimony of the vocational expert, ALJ Showalter found that Brady was capable of making a successful adjustment to other work that existed in significant numbers in the national economy. [R. 25].

---

[2]All citations to the "Act" in this R&R are to the codified version of the United States Code. In the record, the ALJ refers to these sections according to their administrative codification.

## III. STANDARD OF REVIEW

In reviewing a decision of the Commissioner denying benefits, the Court is limited to determining whether the Commissioner's decision was supported by *substantial evidence* on the record, and whether the proper legal standard was applied in evaluating the evidence. 42 U.S.C.A. § 405(g) (2010) (emphasis added); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consol. Edison Co. of N. Y. v. NLRB*, 305 U.S. 197, 229 (1938)). It consists of "more than a mere scintilla" of evidence, but may be somewhat less than a preponderance. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing for substantial evidence, the Court does not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Hays*, 907 F.2d at 1456. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Commissioner (or the [Commissioner's] designate, the ALJ)." *Craig*, 76 F.3d at 589. The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *Perales*, 402 U.S. at 390. Thus, reversing the denial of benefits is appropriate only if either (A) the ALJ's determination is not supported by substantial evidence on the record, or (B) the ALJ made an error of law. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (*citing Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980)).

## IV. ANALYSIS

### A. Failure to State a Claim

To begin, the Commissioner argues that the plaintiff failed to state a claim upon which relief can be granted because her complaint is devoid of factual allegations supporting a claim against the Commissioner. [Def.'s Mem. Summ. J. at 11]. To support this argument the Commissioner cites *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), extensively. These two very prominent cases have left substantial wakes in their paths with regard to a plaintiff's burden in pleading specificity. As the Court re-described the pleading standard required by the Federal Rules, in a narrowing of the *Conley v. Gibson* doctrine, 355 U.S. 41 (1957), in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 570). The two purposes of this heightened pleading requirement are to, first, dispel the belief that a court must accept as true legal conclusions contained in a complaint, and second, to require that only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 129 S.Ct. at 1950. Still, as the Court clarified, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The Court's last caveat is precisely the scenario this case presents.

In addition to *Twombly* and *Iqbal* the statute providing for judicial review of the administrative social security appeals process is insightful. For instance, Section 405(g) of the Act states that an individual "may obtain a review of such decision [of the Commissioner of Social Security] by a civil action commenced within sixty days . . . ." 42 U.S.C.A. § 405(g) (2010). This

passage provides the mechanism for an individual to obtain judicial review in order to escape the bounds of administrative appeals within the Social Security Administration. The objective is rather straightforward, to obtain judicial review. "As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." *Id.* Here, the statute sets forth how the evidence, or the factual basis, upon which the appeal is to be judged is supplied. With this factual basis, the statute goes on to note the court's power "to enter, upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . ." *Id.* Thus, with the certified copy of the record, and its associated evidence, the court is provided the factual means to make a determination as to the appropriateness of the Commissioner's decision. In fact, it would be highly duplicative if plaintiffs were required to amend, or adopt, the facts established in the record to their complaints. For that reason, as the Court noted in *Iqbal*, common sense and judicial experience militate in favor of a simplified complaint that need not specify in detail what relief the plaintiff seeks.

As the Act makes clear, the purpose of section 405(g) is to provide judicial review. There is no reason to believe that the defendant in these particular suits is unaware of the grounds upon which the suit is brought. This is particularly so due to the fact that the defendant, Commissioner, is the custodian of the record. Furthermore, the policy objectives underlying *Twombly* and *Iqbal* are inapplicable in a social security appeals case. There is no presentment or assumption of legal conclusions contained in this type of complaint; and the plausible claim for relief has already been stated in the official administrative record. Therefore, while it is true that Brady's complaint itself is peculiarly threadbare, lacking substantial factual basis for relief, when viewed in the context of

*Twombly* and *Iqbal* and the statute granting judicial review of the Social Security appeals process, the complaint is sufficient to pass muster.

**B.     Brady's Challenges**

   1.   *Determining Disability*

To qualify for a period of disability and DIB under sections 416(i) and 423 of the Social Security Act, an individual must meet the insured status requirements of these sections, be under age sixty-five, file an application for DIB and a period of disability, and be under a "disability" as defined in the Act. The Social Security Regulations define "disability" for the purpose of obtaining disability benefits under Title II of the Act as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 20 C.F.R. § 404.1505(a) (2010); *see also* 42 U.S.C.A §§ 423(d)(1)(A) and 416(i)(1)(A) (2010). To meet this definition, the claimant must have a "severe impairment" which makes it impossible to do previous work or any other substantial gainful activity that exists in the national economy.

In evaluating claims for DIB, the regulations promulgated by the Social Security Administration provide that all material facts will be considered to determine whether a claimant has a disability. The Commissioner follows a five-step sequential analysis to ascertain whether the claimant is disabled. The ALJ must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment that equals a condition contained within the Social Security Administration's official listing of impairments, (4) has an impairment that prevents past relevant work, and (5) has an impairment that prevents her from any substantial

gainful employment. An affirmative answer to question one, or negative answers to questions two or four, result in a determination of no disability. Affirmative answers to questions three or five establish disability. This analysis is set forth in 20 C.F.R. § 404.1520.

2. *ALJ's Findings*

In this case, ALJ Showalter found the following regarding Brady's condition. First, Brady had not engaged in substantial gainful activity since July 6, 2006. This determination was supported by the fact that Brady's earnings did not reach the threshold representative of substantial gainful activity. [R. 15]. Second, Brady suffered the following severe impairments: L3-L4 spondylolisthesis; degenerative disc disease; obesity, and lumbar radiculopathy. This finding was based on Dr. Joseph Koen's conclusion that Brady had a congenitally acquired pars defect at L3-L4 with resultant instability and back pain; a pre-surgical imaging revealing significant degenerative disc disease with adjacent segment spondylolisthesis with stenosis at L3-L4; Dr. David Dalessio's diagnosis of lumbar radiculopathy on September 21, 2007; and her diagnosed obesity, respectively. [R. 15-17]. Third, Brady did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Brady's impairments were not accompanied by findings that satisfied the Code provisions, and this assessment specifically took into consideration the listings in sections 11.01-11.19 involving neurological system disorders. [R. 18]. Nor did Brady's back impairments support a finding meeting section 1.04A involving the musculoskeletal system. [R. 19]. Fourth, as a result of her injuries, the vocational expert testified that Brady was unable to perform her past relevant work. This included work as a school bus driver, bartender/waitress, delivery driver, warehouse manager, and warehouse worker. [R. 24]. Lastly, in considering the objective medical evidence and various opinion evidence,

ALJ Showalter found that Brady had the Residual Functional Capacity (RFC) to perform simple, unskilled, sedentary work as defined in 20 C.F.R. 404.1567(a)[3] and 416.967(a) with certain exceptions. [R. 19]. This determination was reached because the duration, severity, and frequency of Brady's symptoms were not sufficient to reduce her residual functional capacity to preclude all work activity on a continuing and regular basis. ALJ Showalter commented, "a careful review of the record does not document sufficient objective medical evidence to substantiate the severity of the pain and degree of functional limitations alleged by the claimant." [R. 21]. Furthermore, although ALJ Showalter found Brady's impairments could cause her alleged symptoms, Brady's statements concerning the intensity, persistence and limiting effects, were not credible due to their inconsistency with the RFC assessment. [R. 22].

3. *Alleged Error*

To recall, the standard of review in Social Security appeals mandates that this Court not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). As a result, in order to prevail, Brady must overcome a hefty burden to prove there is not substantial evidence to support ALJ Showalter's decision. As the *Laws* court illuminated, substantial evidence is that which consists of "more than a mere scintilla" of evidence, but may be

---

[3] The Regulation classifies work into five different categories based on exertion. The preface describes the process, "[t]o determine the physical exertion requirements of work in the national economy, we classify jobs as sedentary, light, medium, heavy, and very heavy. These terms have the same meaning as they have in the Dictionary of Occupational Titles, published by the Department of Labor." 20 C.F.R. 404.1567(a) (2010).

somewhat less than a preponderance. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Alternatively, Brady may argue that the ALJ made an error of law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (*citing Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980)). In sum, Brady must prove that there is a mere scintilla, or less, of evidence to support ALJ Showalter's decision denying benefits, or that ALJ Showalter made an error of law.

In her brief, Brady alleges: (a) the ALJ did not give Dr. Savas's opinion controlling weight; (b) the ALJ "picked and chose" which treating physician evidence to rely on; (c) the ALJ made an improper credibility determination with respect to Brady's testimony; and (d) the ALJ did not conduct an analysis as to the effect of Brady's obesity on her claim. [Br. Mot. Summ. J.at 5-8]. The Court will take each in turn.

Brady's first claim, regarding the weight ALJ Showalter placed on Dr. Savas's opinion is a legal challenge to the decision and thus invokes the *Coffman* standard. It is true that "[t]he ALJ must generally give more weight to the opinion of a treating physician because that physician is often most able to provide 'a detailed, longitudinal picture' of a claimant's alleged disability. However, 'circuit precedent does not require that a treating physician's testimony be given controlling weight.' In fact, 'if a physician's opinion is not supported by the clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.'" *Thompson v. Astrue*, 2008 WL 4273840, at *11 (W.D.Va. Sep. 17, 2008) (*quoting Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir.1992) (per curiam); *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) respectively). In this case, some of Dr. Savas's opinions were inconsistent with the additional medical evidence, and some were, in fact, consistent with ALJ Showalter's finding. For example, to demonstrate the ALJ's deliberative analysis of Dr. Savas's medical findings, ALJ Showalter's

decision states:

> The undersigned assigns some weight to Dr. Savas' opinions (Exhibits 8F and 9F). The undersigned assigns weight to Dr. Savas' opinion that the claimant would not be able to perform her past relevant work as a bus driver, as explained in Finding 6 below. Further, the undersigned assigns weight to Dr. Savas' opinion that the claimant could lift less than 10 pounds frequently, stand and walk for approximately 2 hours in an 8 hour day and sit for 6 hours in an 8 hour day. Dr. Savas' opinion that the claimant could occasionally kneel, balance and crawl and frequently reach, handle, finger, and feel is assigned weight. Dr. Savas' remaining limitations are assigned little weight because they are not consistent with the medial record as a whole.

[R. 23]. Part of the reason ALJ Showalter found Dr. Savas's opinion to be inopposite with the medical evidence were the findings of Drs. Leopold Moreno and Carolina Longa. Dr. Moreno conducted an RFC assessment on Brady and found she could lift 10 pounds frequently and occasionally stand or walk for 2 hours in an 8-hour work day, sit for 2 hours in an 8-hour work day, and had unlimited ability to push and pull. [R. 23]. Dr. Longa similarly concluded, in a RFC assessment, that Brady could lift 20 pounds occasionally, 10 pounds frequently, stand or walk for 6 hours in an 8- hour day, sit for 6 hours in an 8- hour day and had unlimited ability to push and pull. [R. 23]. What is more, on at least three occassions Dr. Savas opined that Brady was either doing quite well, or was pleased with her medical treatment.[4] Additionally, the ALJ's decision went on to note the consistencies between her finding and that of Dr. Savas when she stated, "Paul Savas, M.D., the claimant's surgeon, indicated that the claimant should try to perform a job with some restrictions . . . ." [R. 23]. This was precisely the RFC classification assigned by ALJ Showalter. Thus, since ALJ Showalter clearly took into consideration Dr. Savas's opinion and, in fact, reached a conclusion

---

[4] In April 2007, Dr. Savas reported that Brady's spine was not tender, she was able to tip toe and heel walk, and her gait and reflexes were normal. [R. 253]. In June 2007 he reported that Brady was pleased with her back surgery and she was ready to start walking. [R. 251]. And in August 2007 he stated that she could return to work with limitations [R. 250].

11

similar to his own in some instances, Brady's argument that a remand is warranted for failure to give appropriate weight is without merit.

Second, Brady argues the ALJ "picked and chose" which treating physician evidence to rely on, and cites Seventh Circuit and Southern District of New York opinions to support her assertion that this is improper. For starters, this Court will not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Deciding which opinions to rely on is strictly within the providence of the Commissioner, unless in so doing he is not basing his decision on substantial evidence or is making an error of law. For the reasons stated, most recently, above, regarding the weight of Dr. Savas's opinion, there existed substantial evidence for ALJ Showalter to reach her decision. Moreover, the cited Seventh Circuit case, *Switzer v. Heckler*, is factually distinguishable. 742 F.2d 382, 385-86 (7th Cir. 1984). In that case, the Secretary [of Health and Human Services] cited a report by a physician that indicated that plaintiff could lift up to 20 pounds maximum, however, the Secretary ignored the very next line of the doctor's report, which stated that the plaintiff could not lift even 5 pounds frequently and could not do extended walking or standing at all. This type of scenario is far afield from ALJ Showalter's parsing of Dr. Savas's opinions into findings that supported an RFC to perform simple, unskilled, sedentary work and those that supported complete disability. In *Switzer*, the Commissioner completely ignored portions of the doctor's report. Here, ALJ Showalter methodically considered all of Dr. Savas's opinions. Finding no binding authority to support Brady's legal claim, and finding substantial evidence to support the ALJ's analysis, Brady's second claim is without merit.

Third, Brady argues that remand is warranted because the ALJ's finding that she lacked

credibility, was improper. To reiterate, this Court is not to make credibility determinations. Still, even challenging the weight of the evidence to support the ALJ's finding is insufficient grounds to reverse the decision. To support her finding that Brady's pain symptoms were beyond what the record suggested, ALJ Showalter noted that: Brady returned to work in March 2006 after her surgery in September 2005; despite returning to Dr. Dalessio in July and August of 2006 she continued to work through November 2006; contrary to her testimony that she used a cane to ambulate immediately after her 2005 surgery, she did not begin using the cane until November 2006 after a fall, and was able to ambulate without the cane in 2007; and Dr. Savas noted improvement in July 2007 and Brady was walking in August of 2007. [R. 21-22]. These factual references clearly meet the threshold requirement of substantial evidence to support the ALJ's finding. Further, given that the grounds asserted seek to challenge a credibility determination, this Court finds no merit in the argument.

Lastly, Brady alleges that the ALJ did not do an analysis under 00-3p even though she found Brady suffered obesity as a severe impairment. This argument is not supported by the record. In fact, ALJ Showalter specifically acknowledged that her decision was taking into consideration the effect that her finding of severe obesity had on Brady's RFC. ALJ Showalter stated:

> SSR 02-1p recognizes that obesity is a medically determinable impairment and that its effects must be considered when evaluating disability claims, since the side effects of obesity in combination with other impairments can be greater than the effects of each impairment considered separately. Thus, any additional and cumulative effects of the claimant's obesity have been considered in assessing the claimant's impairments under each step of the sequential evaluation process. In this instance, the undersigned has reviewed any connection between the claimant's obesity and her physical impairments and factored in the effects accordingly.

[R. 17-18.]. Despite the last sentence of the decision, Brady contends that ALJ Showalter did not

engage in any analysis under Social Security Ruling 02-1p.[5] Presumably, lest the ALJ restate every impairment at each step of the analysis, Brady would be unsatisfied with knowing that each impairment was considered. Practicality and manageability counsel against such a policy. It would be quite another thing if the ALJ completely omitted the obesity analysis, but here, ALJ Showalter specifically addressed the finding of obesity and noted that it would be considered as part of the cumulative effect on Brady's RFC. As such, Brady's request for remand based on a failure to conduct an obesity analysis is without merit.

In sum, recalling the standard of review set out in *Craig*, there appears "substantial evidence" to support the Commissioner's decision to deny disability, DIB, and SSI. Similarly, there is no apparent error of law on the part of the ALJ. This is so because Brady has failed to show that the ALJ's decision was not supported by more than a scintilla of evidence or that she misapplied the law in her deliberative process. The ALJ's decision was supported by substantial evidence because she used the five-step model for determining disability and when she carefully scrutinized the objective medical evidence she determined that Brady was capable of performing simple, unskilled, sedentary work. With the assigned RFC classification, the ALJ concluded that there were a substantial number of jobs existing in the national economy which Brady could perform. Finally, although Brady argued that the ALJ misapplied evidence, particularly pertaining to the weight of authority for opinion evidence and credibility determinations, this Court has found that such decisions were firmly in her power and did not constitute an error of law. Given the deferential standard afforded to the Commissioner as provided in *Perales*, the Court should affirm the ALJ's findings.

---

[5] The Commissioner rightly points out that Brady mis-cites the applicable Social Security Ruling. Ruling 00-3p has been superceded by Ruling 02-1p.

## V. RECOMMENDATION

For the foregoing reasons, the Court recommends that Brady's Motion to Strike be GRANTED; that her Motion for Summary Judgment be DENIED; that the Commissioner's Motion for Summary Judgment be GRANTED; that the final decision of the Commissioner be AFFIRMED; and that Judgment be entered in favor of the Commissioner.

## VI. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v.*

*Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, 467 U.S. 1208 (1984).

/s/<br>
Tommy E. Miller<br>
United States Magistrate Judge

Norfolk, Virginia
February 19, 2010

# CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Blythe Ann Scott, Esq.
Rutter Mills LLP
160 W. Brambelton Ave
Norfolk, VA 23510

Joel Eric Wilson
United States Attorney's Office
101 W. Main St
Suite 8000
Norfolk, VA 23510

Fernando Galindo, Clerk

By _____
Deputy Clerk

February 19, 2010

17