IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**HOPE BRADY,**

Plaintiff,

v.     CIVIL ACTION NO. 2:09cv242

**MICHAEL J. ASTRUE,**
Commissioner of Social Security

Defendant.

## *ORDER*

This matter is currently before the Court on Plaintiff's and Defendant's objections to the Magistrate Judge's report and recommendation.

Plaintiff brought this action under 42 U.S.C. § 405(g) seeking judicial review of the decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits pursuant to §§ 416(i) and 423(d) of the Social Security act, and Supplemental Security Income pursuant to § 1381 of the Act. U.S.C. §§ 401-434 (2010). On August 11, 2009, this Court entered an order designating United States Magistrate Judge Tommy E. Miller ("Magistrate Judge Miller") to conduct hearings and submit proposed findings of fact and, if applicable, recommendations for the disposition of this matter.[1] On February 19, 2010, Magistrate Judge Miller filed his report and recommendation ("the Report"), in which he

---

[1] Under 28 U.S.C. § 636(b)(1)(B), "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . ."

1

recommended that the Plaintiff's Motion to Strike be **GRANTED**; that her Motion for Summary Judgment be **DENIED**; that Defendant's Motion for Summary Judgment be **GRANTED**; and that the final decision of the Commissioner be **AFFIRMED** and Judgment be entered in favor of the Commissioner. The Report also advised the parties of their right to file written objections to the findings and recommendations made by the Magistrate Judge. The clerk mailed all of the parties copies of the Report. On March 4, 2010, Plaintiff and Defendant both filed objections to the Report. On March 9, 2010, Defendant filed a Response to Plaintiff's Objection.

Under Rule 72 of the Federal Rules of Civil Procedure ("Rule 72") a judge is required "to make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." FED. R. CIV. P. 72. The phrase "de novo determination", as used in Rule 72, means that a district court judge must give "fresh consideration" to portions of the magistrate judge's report and recommendation. *United States v. Raddatz*, 447 U.S. 667, 675 (1980). In other words, "'the Court should make an independent determination of the issues' and should not give any special weight to the prior determination." *Id.* (quoting *United States v. First City National Bank*, 386 U.S. 361, 368 (1967)). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." FED. R. CIV. P. 72.

This Court has carefully and independently reviewed the record in this case and the objections to the Report. Having done so, the Court finds that there is no meritorious reason to sustain Plaintiff's and Defendant's objections.

First, Defendant objects to the recommendation that Plaintiff's Motion to Strike

Defendant's Motion to Dismiss be granted. Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted under the heightened pleading requirements of *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). The Report states that although Plaintiff's complaint is "peculiarly threadbare," and "lacking substantial factual basis for relief," it nonetheless states a claim upon which relief can be granted when considered in context with the administrative record. (Mag. Rep. 6.) Therefore, the Report posits that Defendant is in fact aware of the grounds upon which the suit is being brought, as a "plausible claim for relief has already been stated in the official administrative record." (Mag. Rep. 6-7.)

Although Defendant correctly states that Rule 8 of the Federal Rules of Civil Procedure entitles a Defendant to fair notice of the claims on which the Plaintiff seeks review in order to withstand a Motion to Dismiss, "[d]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (internal quotations and citations omitted). Furthermore, factual allegations within documents described or identified in the complaint may also be weighed if the plaintiff's claims are based upon those documents. *Pension Benefit Guar. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1186 (3d Cir. 1993). Moreover, as the United States Supreme Court ("Supreme Court") stated in *Iqbal*, in determining whether a complaint states a plausible claim for relief, the reviewing court may "draw on its judicial experience and common sense," in this "context-specific task." *Iqbal*, 129 S.Ct. at 1950.

In the instant case, as the Report indicates, "common sense and judicial experience

militate in favor of a simplified complaint" that does not recite the factual basis that is presented in the accompanied administrative record. (Mag. Rep. 6.) The Court disagrees with the Report only in that it states that the "policy objectives" underlying *Twombly* and *Iqbal* are inapplicable in a social security appeals case. (Mag. Rep. 6.) The Supreme Court stated in *Iqbal* that *Twombly* sets the pleading standard for "all civil actions." *Id.* at 1953. Therefore, the objectives of *Iqbal* and *Twombly* are applicable in this case as well. Nevertheless, when construed in the light most favorable to Plaintiff, the Court finds that Plaintiff meets this standard. The Plaintiff clearly seeks judicial review of the Commissioner of the Social Security Administration's final decision to deny Plaintiff's claim for benefits. Furthermore, the Complaint alleges that the available administrative remedies have been exhausted, thereby providing appropriate jurisdiction, and it appears as though the complaint was timely filed. Plaintiff has stated a plausible claim such that Defendant is provided notice of the specific grounds on which Plaintiff is entitled to relief. Accordingly, Defendant's objection is overruled.

Plaintiff objects to the finding that substantial evidence supports the Administrative Law Judge's ("ALJ") determination that Dr. Sava's opinion was not entitled to controlling weight. Plaintiff also objects to the Report's findings that the ALJ did not improperly pick and choose through Dr. Savas' opinion. The Court finds that Magistrate Judge Miller appropriately addressed and affirmed the ALJ's weighing of Drs. Longa, Moreno and Sava's opinions. Magistrate Judge Miller correctly found that the ALJ properly relied on the opinions of Drs. Longa and Morena to discredit Dr. Sava's unsupported opinion in compliance with the standard explained in *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996), and subsequently set forth in 20 C.F.R. § 404.1527(d). Furthermore, Magistrate Judge Miller correctly confirmed that the ALJ

did not improperly "pick and choose" through Dr. Sava's opinions. As Magistrate Judge Miller opined, the ALJ methodically made specific factual findings that clearly took all of Dr. Sava's opinion into consideration. Therefore, Plaintiff's objections are without merit and are overruled.

Accordingly, the Court finds that the Plaintiff and Defendant have raised no grounds warranting this Court's departure from the recommendations as stated in the Magistrate Judge's report.

After careful review of the Magistrate Judge's Report and Recommendation, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the United States Magistrate Judge filed February 19, 2010. Plaintiff's Motion to Strike is **GRANTED**; Plaintiff's Motion for Summary Judgment is **DENIED**; Defendant's Motion for Summary Judgment is **GRANTED**; and the Final Decision of the Commissioner is **AFFIRMED**. Judgment is hereby entered in favor of the Commissioner.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
July 30, 2010

Raymond A. Jackson
United States District Judge